By the Court,
Garvin, J.
It appears that on the 3d of March, 1864, a request from the plaintiff’s attorney ivas filed in the office of the clerk of this court, requiring him to docket a judgment against the defendant and others for $1785.25, and interest from April 1, 1859, being the deficiency reported by the referee in the action. The clerk filed it,- and gave the plaintiff a transcript, on the same day, and it was filed in the county clerk’s office, as required by law, but it is alleged that no actual entry was made in the judgement book by the clerk of this court, until the 14th day of May, 1864; that an execution was issued upon the judgment, on the 3d day of March, 1864, and returned wholly unsatisfied. On the 10th of May, 1864, an order was made requiring the judgment debtor to make discovery of his property, and forbidding the transfer thereof. It is now contended on the part of the defendant, that there was' no judgment against the defendant at the time of the issuing of the execution, and making the order for his examination. The transcript in question was filed under the law passed in 1840, p. 327, wherein it is provided that no judgment shall be a lien upon real estate, *693 unless the same shall be docketed in the clerk’s office of the county where the lands are situate. (§ 25.) Sections 27 and 28, carry out this provision in regard to this court; and section 29 provides that the judgments of the Superior Court, and common pleas, may be docketed in other counties. _ The primary objects of these sections relating to the docketing of judgments and decrees, in the several counties, was to make the clerk’s office of the county the only place where search need be made to ascertain what liens and charges existed upon any lands in that county. It is a good provision, and of great convenience, arid is now so interwoven with all the business habits of the community, that it is generally known, and all judgments are thus docketed in the county clerk's office, and no one thinks of 'going elsewhere to look for liens, or charges by way of judgment or decree. It is true, the Code requires that the judgment shall be entered in the “judgment book,” and shall specify the determination of the action. (§ 280.) This was in effect done by the clerk of this court, when he filed the roll and gave the transcript, which on the same day was docketed in the county clerk’s office, in the “judgment book,” as we must assume, nothing appearing to the contrary; and before this motion was heard at the special term, the judgment had been docketed, in fact. We must hold this to be a substantial compliance with section 280 of the Code, as between the parties to the judgment. The rights of third parties are no way affected ; and it is difficult to see how they could in any way be injured'. All necessary infoririation is afforded to third persons at the. clerk’s office where inquiries are made, and information sought; and the docket in the county clerk’s office is a sufficient foundation for the execution in this case.
It has been held that a substantial compliance with the. requirements of a statute having reference to the object of the legislature in affording information to all who might be affected by the judgment, is all that was designed or is necessary. (17 N. Y. Rep. 446.)
The order of the judge at special term should be affirmed, with costs.